AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 3721, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, Defendant.

Oscar E. WESTFALL, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, Defendant.

Ransom HARRISON, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, Defendant.

Civ. A. Nos. 88–1028, 87–2275 and 87–0809.

United States District Court, District of Columbia.

April 17, 1989.

Beth S. Slavet, AFGE, Washington, D.C., for American Federation of Government Employees.

John J. Sullivan, Kirchner, Weinberg & Dempsey, Washington, D.C. for Westfall.

Harold Craig Becker and John Dempsey, Kirchner, Weinberg & Dempsey, Washington, D.C., for Ransom Harrison.

Kathleen Carey, D.C. Corp. Counsel's Office, Washington, D.C., for the District of Columbia.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

*Harrison,* which has been consolidated with *AFGE,* is presently before the Court on plaintiffs' contention that the District is improperly offsetting annual and sick leave payments from its overtime liability under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–209 (1982). The Court had reserved judgment on this issue pending the District's response to an affidavit submitted by plaintiffs.

FLSA provides that an employer does not have to include in the calculation of the regular rate

payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause ... and other similar

payments to an employee which are not made as compensation for his hours of employment....

29 U.S.C. § 207(e)(2). By the same token, however, as the Regulations make clear, "since such payments are not made as compensation for the employee's hours worked in any workweek, no part of such payments can be credited toward overtime compensation due under the Act." 29 C.F.R. § 778.216; see also id. at § 778.218(a); *Futrell v. Columbia Club, Inc.*, 338 F.Supp. 566, 573 (S.D.Ind.1971) ("As regards overtime, the statute provides that bonuses, insurance and vacations are not to be added to the base rate of pay nor credited on overtime due.").

The District does not dispute that under the FLSA it is not entitled to offset amounts paid in annual or sick leave against its liability for unpaid overtime. The District argues that it is not making such an offset, but is merely comparing the amounts due under its local pay rules to those due under FLSA and "paying the greater amount under the two compensation systems." Defendants' Supplemental Memorandum at 6. The District's latest submission explains with the following example:

> [U]nder the District's pay systems, if an employee works Monday through Friday and on Friday takes 8 hours of annual leave but works 9 hours on Saturday, the entire 9 hours would be overtime. Under the FLSA only one (1) hour of the hours worked on Saturday would be considered overtime. What § 778.216 precludes the defendants from doing is asserting that since the employee was paid for annual leave hours taken on Friday, such pay can be offset against the one hour of overtime for Saturday that the FLSA would require he be compensated for. No credit may be taken, nor does the District take credit, for the annual leave hours paid to the employee on Friday against the one hour of overtime under the FLSA worked on Saturday.

Defendants' Reply to the Plaintiffs' Affidavit Regarding Calculation at 1–2.

In light of this submission, the Court finds that the District has correctly interpreted its obligations under FLSA. Those obligations are clear. First, the District must calculate the amount of overtime compensation due under FLSA's regime, which does *not* include payment for leave in the calculation of the regular rate and, concomitantly, does *not* permit such payments to offset overtime liability. The figure thus arrived at under FLSA is the *minimum* overtime compensation due. However, if under its own pay system, which treats leave differently for overtime purposes, the District has, in fact, paid overtime compensation equal to or greater than the federally-required minimum amount, then no further damages are due. The District's overtime pay system is not vitiated by FLSA, as plaintiffs suggest, simply because it treats leave differently.

Accordingly, because the Court trusts that the District will in good faith verify that it is meeting its obligations under FLSA, as those obligations have been clarified above, the Court shall not order any further relief on this issue at this time.